UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Felicia Harmon, Chandra Cook & Michelle Parker on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 1:13-CV-3517-TWT |
| v. | ) ) | JURY TRIAL DEMANDED |
| Foxy Lady, Inc. & Arthur Dillard, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATING THE FAIR LABOR STANDARDS ACT

**COMES NOW** Felicia Harmon, Chandra Cook & Michelle Parker (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, and brings this collective action against Foxy Lady, Inc. & Arthur Dillard (hereinafter "Defendants") respectfully showing the Court as follows:

## INTRODUCTION

1.

Defendants operate a strip club in Fulton county commonly known as the "Foxy Lady" that failed to pay Plaintiffs and all others similarly situated the minimum wage and substantial overtime for hours worked. Indeed not only did they fail to pay a single penny in wages, they tricked the Plaintiffs

and all others similarly situated into paying each of them to work at the Foxy Lady.  Defendant's failure to pay the minimum wage and overtime wages to Plaintiffs  and all others similarly situated violated 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA") because the Plaintiffs and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

2.

There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.  Upon information and belief there are more than 50 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

3.

Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

4.

Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of herself and those employees

similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

5.

As a result of Defendants violation of the FLSA, Plaintiff and all others similarly situated seek minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

**PARTIES AND SERVICE**

6.

Plaintiff Felicia Harmon is a current employee of Defendants. Plaintiff was hired on or about June 1, 2008 and has been continuously employed by the Defendants since that time. Plaintiff is a resident within the Northern District of Georgia.

7.

Plaintiff Chandra Cook is a former employee of Defendants. Plaintiff was employed by Defendants from approximately October 1, 2012 through October 1, 2013. Plaintiff is a resident within the Northern District of Georgia.

8.

Plaintiff Michelle Parker is a former employee of Defendants. Plaintiff was employed by Defendants from approximately September, 2010 through September 1, 2011.  Plaintiff is a resident within the Northern District of Georgia.

9.

Defendant Foxy Lady, Inc. is a Georgia for profit Corporation with its principal place of business located at 1635 Moreland Ave SE, Atlanta, GA 30316.  Defendant may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service Mr. Cary Wiggins located at 260 Peachtree St NW, #401 Atlanta, GA 30303.

10.

Defendant Arthur Dillard is a natural person that exercises complete control over all the operations and procedures at the establishment known as the Foxy Lady located at1635 Moreland Ave SE, Atlanta, GA 30316.  On information and belief Defendant Dillard is the beneficial owner of co-Defendant Foxy Lady, Inc. and is a resident within the Northern District of Georgia.  Defendant Dillard is the CEO, CFO, and Secretary of co-defendant Foxy Lady, Inc.  Defendant Dillard may be served with a copy of the summons and complaint at the following address: 175 Flint Acres Circle,

Jonesboro, Georgia 30238.

## JURISDICTION AND VENUE

### 11.

This Court has subject matter jurisdiction over federal questions raised under the FLSA pursuant to 28 U.S.C.S. §§ 1331 and 1337.

### 12.

Venue is proper in the Northern District of Georgia, under 28 U.S.C. §1391(b), since Defendant is a citizen in this judicial district.  In addition, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district at the address commonly known as  1635 Moreland Ave SE, Atlanta, GA 30316.

## FACTUAL ALLEGATIONS

### 13.

Plaintiffs, on behalf of themselves and all other similarly situated current and former employees, bring this Collective Action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") for failure to pay minimum wage and overtime compensation.

14.

At all times for the three years prior to the filing of the Complaint in this matter, Defendants have employed female entertainers at the Foxy Lady.

15.

At all times for the three years prior to the filing of the instant complaint, Defendants have improperly categorized named Plaintiffs and all other entertainers working at the Foxy Lady as "independent contractors".

16.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background.  Defendants have, however: established specific work schedules for entertainers; required entertainers to dance at specified times and in a specified manner on stage and for customers; regulated entertainers' attire and interactions with customers; set the price entertainers were allowed to charge for dances; required entertainers to attend meetings at Defendants' business; financed all advertising and marketing efforts undertaken on behalf of the Foxy Lady; made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory; and made all hiring decisions regarding waitstaff, security, entertainer, managerial and all other employees at the Foxy Lady.

17.

Defendants have established a variety of written guidelines and policies which govern entertainers conduct at the Foxy Lady.

18.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers to pay a specific amount, often referred to as a "bar fee" in order to work on any given shift for the day or night.

19.

The specific amount entertainers, including Named Plaintiffs, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

20.

The required bar fee the Named Plaintiffs have paid to work a shift has been at least $35 for the day shift and $70 to work on a Friday or Saturday evening.

21.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of the the Foxy Lady's rules, they are charged additional fees or fines.

22.

Named Plaintiffs have been subject to a variety of these fees and fines.

23.

The fees described in ¶¶ 18-22 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

24.

Named Plaintiffs worked over forty hours in some weeks they worked for Defendants.

25.

Named Plaintiffs and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

26.

On information and belief Defendants have never paid Plaintiffs and all others similarly situated any amount as wages whatsoever.

27.

Instead, Plaintiffs and all other similarly situated only source of work related income were gratuities they receive from customers.

28.

Because Defendants did not pay Plaintiffs and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiffs and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiffs and others similarly situated worked over forty hours in a given workweek.

29.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

30.

Plaintiffs and all others similarly situated were not subject to any exemption under the FLSA.

31.

On information and belief Defendants failed to maintain records of the number of hours worked by Plaintiffs and all others similarly situated.

# COUNT I
# DECLARATORY JUDGMENT

### 32.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

### 33.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U .S .C . § 2201 et seq.

### 34.

An actual controversy exists between the parties in this case in regard to the employment status of the Plaintiffs and all others similarly situated.

### 35.

Plaintiffs and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether Plaintiffs and all others similarly situated are currently or were the employees of Defendants.

## COUNT II
## OVERTIME CLAIMS (Violation of 29 U.S.C. § 207)

36.

Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

37.

Defendants are "employers" and employ Plaintiffs and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

38.

Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

39.

Defendants are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because they have employees engaged in commerce, and because their annual gross volume of sales made is more than $500,000.

40.

Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Plaintiff is attached hereto and

incorporated herein as Exhibits "1", "2" and "3"

41.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractor.

42.

Defendants failed to pay Plaintiffs and all others similarly situated wages at a rate of one and one-half (1 ½) times their regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

43.

Defendants knowingly, intentionally and willfully violated the FLSA.

44.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

45.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as

well as reasonable attorneys' fees and costs of the action, including interest,

pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

**COUNT III**
**MINIMUM WAGE CLAIM (Claims for Violation of 29 U.S.C. § 206)**

46.

Plaintiffs repeat and reallege the allegations in the preceding

paragraphs of this Complaint, and incorporate the same herein by this

specific reference as though set forth herein in full.

47.

Defendants are an "employer" and employs Plaintiffs and all others

similarly situated as "employees" within the meaning of the FLSA, 29

U.S.C. § 203(d).

48.

Defendants are engaged in "commerce" and/or in the production of

"goods" for "commerce."

49.

Defendants operates an enterprise engaged in commerce within the

meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees

engaged in commerce, and because its annual gross volume of sales made is

more than $500,000.

50.

Plaintiffs consents to sue in this action pursuant to 29 U.S.C. § 216(b).

51.

A consent to sue executed by the Plaintiff is attached hereto and incorporated herein as Exhibits "1", "2" and "3".

52.

Defendants misclassified Plaintiffs and all others similarly situated as an independent contractor.

53.

Defendants failed to pay Plaintiffs and all others similarly situated the minimum wage in violation of 29 U.S.C. § 206.

54.

Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated the minimum wage under the FLSA

55.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

56.

Due to Defendants' FLSA violations, Plaintiffs and all others similarly situated are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

57.

Plaintiffs, on behalf of themselves and all others similarly situated individuals, demand a trial by jury on all their claims so triable.

**WHEREFORE**, Plaintiffs respectfully pray that this Court grant relief as follows:

a.    As to Count I issue a declaratory judgment that (i) Plaintiffs and all others similarly situated are/were the employees and Defendants are/were their joint employer and (ii) the practices complained of herein are unlawful under the FLSA;

b.    As to Count II award Plaintiffs and all others similarly situated judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiffs would have

received but for Defendants unlawful conduct, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.     As to Count III award Plaintiffs and all others similarly situated judgment for wages at the minimum rate, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

d.     Award Plaintiffs and all others similarly situated costs of this action, including expert fees;

e.     Grant Plaintiffs and all others similarly situated a jury trial on all issues so triable;

f.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

g.  Award Plaintiffs and all others similarly situated such other and

further relief as the Court may deem just and proper.

*/s/ Harlan S. Miller, III*
Harlan S. Miller, III, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309

*/s/ Stephen L. Minsk*
Stephen L. Minsk, Esq.
State Bar No. 511366
1451 Biltmore Drive N.E.
Atlanta, GA  30329
770 -861-7201 Telephone
Attorney for Plaintiffs
stephenminsk@minsklaw.com

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing has been prepared using Times

New Roman 14 point font.

This 24th day of October, 2013.

*/s/ Harlan S. Miller, III*
Harlan S. Miller, III, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309